Alexander Del Gtorno, J.
This is a motion for an order permitting the filing of a late claim pursuant to the provisions of subdivision 5 of section 10 of the Court of Claims Act.
On April 11, 1960 claimant was operating his automobile on the Van Wyck Expressway near the Belt Parkway, Queens. When his car was at a stop, it ivas struck in the rear by a car operated by one Lee Mosely, Jr. Subsequent to this impact, Mosely’s car was struck in the rear by another vehicle and in turn pushed into the claimant’s car.
In the moving papers it is alleged that at the time of the accident “the information received by the claimant from the car directly to his rear was that the car was owned by the City of New York.” In claimant’s memorandum of law, the statement is made that “ the claimant ivas informed by Mr. Mosely that his automobile was owned by the City of New York.” The claimant’s attorney, on April 18, 1960, wrote a letter to Mosely demanding damages. A claim against the city was filed on July 5, 1960 and a hearing held before the Comptroller on September 27, 1960.
Subsequently and in December, 1960 or January, 1961, it was found that the automobile operated by Mosely was owned by the State of Neiv York.
*287 There is no allegation either in the moving papers or in the memorandum of law that notice of the accident was given to the department of the State which employs Mosely, nor is there any allegation that claimant had a search made to discover the identity of the true owner of the vehicle.
Claimant maintains that because of the aforesaid letter written by his attorney to Mosely, and because credentials were exchanged between claimant and Mosely, the State therefore had actual knowledge of the accident and was not prejudiced by the delay in filing a claim against the State.
If, as claimant alleges, credentials were exchanged between him and Mosely, claimant was put on notice that Mosely was an operator. Regardless of what Mosely may have said as to the ownership of the car, claimant should have inquired of the Department of Motor Vehicles of the State of New York as to the true ownership of the automobile. The ownership of a car must be registered and reports of accidents are required by law to be made. This information is available to a prospective claimant in an action for injury arising out of a motor vehicle accident.
Accepting claimant’s statement that ownership of the car by the State was discovered in December, 1960 or January, 1961, the court finds that the instant application is by no means prompt and no reason is put forward to explain the failure to apply to the court for leave to file between that time and the original return day of this motion, June 6, 1961. No notice was given to the State even at the time of discovery of ownership by the State.
Claimant has not presented a reasonable excuse for the failure to file.
Further, the court finds that the State or its appropriate department, prior to the expiration of the time limited for the filing of the notice of intention, had no actual knowledge of the facts constituting the claim. A letter written by claimant’s attorney to Mosely himself cannot be held to be such notice.
Because of the failure of claimant to file within the time limited, the State has been substantially prejudiced. The motion is denied.